37080. ALLISON *et al. v.* COBB COUNTY.

DECIDED MARCH 14, 1958.

*Hicks & Henderson, J. Douglas Henderson,* for plaintiffs in error.

*Raymond M. Reed, Robert E. Flournoy, Jr., Reed, Ingram & Flournoy,* contra.

TOWNSEND, Judge. The plaintiffs' evidence showed that Cobb County was at the time engaged in repairing the bridge in question. One of the plaintiffs' witnesses testified that Spring Road is a continuation of Spring Street in the municipality of Smyrna, Cobb County, which runs from there to the four-lane highway, the direction from which the plaintiffs' car had come; that just as one leaves Smyrna and crosses the railroad tracks about a mile from the bridge there is a sign reading "Road Closed Bridge Out"; that the witness' house is about 300 yards from the bridge; that 175 feet above it there was at the time a sign in the middle of the road measuring about 18 by 24 inches, reading "Bridge Out", beneath which there was a sawhorse blocking the road and a flare which was unlighted at the time; that this barricade was just below the junction of Spring Road and Rose Garden Hill Road; that other streets also cross Spring Road; that this barricade was wide enough so that cars would have to turn off the road onto the shoulders to avoid hitting it; that immediately after the Allison car crashed he went to the sign and found it there, but that the flare was not burning. Another witness for the plaintiff examined the scene the same night and testified that he found skid marks on the last 20 or 30 feet of pavement abutting the bridge on the side from which the plaintiffs had approached and splintered wood indicating that a barricade had been broken and knocked into the fill; also some planks on the road which he could not identify as being part of the barricade. There is no other bridge on Spring Road other than a cattle cut. Other roads go off from Spring Road between the railroad tracks and the bridge. The plaintiffs testified that they saw no flare, barricade or other warning. On cross-examination, however, one plaintiff testified that she had drunk four beers, that she was paying no attention to the road, that they were talking and she did not recall seeing any lights, houses, trees, sky or roadway. The other plaintiff, in answer to the question, "Were you looking, talking or what were you doing?" replied, "We were talking; I

always look in front of me when I am traveling" but stated that she did not particularly recall anything she might have seen.

Code § 38-111 provides: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed. This rule shall not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not." Negative testimony is a sort of circumstantial evidence, and negative testimony by a person in a position to see or hear something, to the effect that he did not see or hear it, may ordinarily be believed by a jury although there is positive testimony that such thing did not exist. However, to apply this latter rule, consideration must also be given to the opportunities existing on the part of both sets of witnesses. In *Pollard* v. *Todd*, 62 *Ga. App.* 251, 259 (8 S. E. 2d 566) it was held: "But the testimony of a witness that he did not hear the bell or whistle of an approaching locomotive, without proof that he listened for a signal or that his attention was in any way directed to it, or that he probably would have heard it if it did sound, can not overcome positive testimony of other credible witnesses that such a signal was given at the time in question." It affirmatively appears from the cross-examination of the two plaintiffs that neither was paying any attention whatever to the road along which they were traveling, and that neither could recall one single circumstance of the journey until the automobile hit the bridge, nor a single object passed along the way, nor even the condition of the road or whether it was paved, and so on. Even as negative testimony, therefore, their failure to recall any signs or barricades along the way has insufficient probative value. Further, the plaintiff is bound by his own witnesses, and he produced two who swore directly and circumstantially to their knowledge of the road signs and barricades in existence on the night in question. Under these circumstances the plaintiffs are bound by the testimony of their own witnesses that the signs and barricades, or at least one of them, did exist in spite of their own testimony that they did not see them.

The fact that the flare under the sawhorse and sign about

1,000 feet from the bridge had gone out does not change the situation, in view of the fact that under the plaintiffs' testimony the obstruction was such that a motorist would either have to see and avoid it by getting off the road or else hit it. The sufficiency of the barricade with the flare unlit at night is not in issue for the reason that neither plaintiff assigned negligence on a failure to erect a proper sign or barricade, but they rested their case on the fact that none existed.

The award of a nonsuit is proper where the plaintiff fails to prove his case as laid, and further disproves his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict. Code § 110-310; *Clark* v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d 17). The plaintiffs' cases here are based solely on the proposition that the county left a bridge in unusable condition and failed to erect barricades or otherwise warn persons of its dangerous condition. The plaintiffs' proof shows that the county was in process of repairing the bridge, and that signs and barricades had in fact been erected. Accordingly, the trial court did not err in granting the motion for nonsuit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*